UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH PARKS,

        Plaintiff,

  v.                                              9:08-CV-0586
                                                        (TJM/GHL)

JOSEPH T. SMITH, *et al.*,

        Defendants.
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

       This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. George H. Lowe, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c). The Report-Recommendation dated August 17, 2009 recommends that Defendants' motion pursuant to for Fed. R. Civ. P. 12(c) be granted in part and denied in part. Plaintiff has filed objections to the Report-Recommendation.

       When objections to a magistrate judge's Report-Recommendation are lodged, the Court reviews the record *de novo*. See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]. The [Court] may also receive further evidence or recommit the matter to the magistrate [judge] with instructions." Id.

1

Having reviewed the record *de novo* and having considered the issues raised in Plaintiff's objections, this Court has determined to accept and adopt the recommendation of Magistrate Judge Lowe for the reasons stated in the August 17, 2009 Report-Recommendation with one exception.

Although Magistrate Judge Lowe determined that Plaintiff's First Amendment free exercise and retaliations claims were duplicative, it may be that Plaintiff could prevail on one but not the other.

> In evaluating a prisoner's free exercise of religion claim, the Court considers four factors: (1) whether there is "a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it;" (2) whether the prisoner still has alternative means of exercising the religious right; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally;" and (4) what ready alternatives to the restriction exist. Turner v. Safley, 482 U.S. 78, 90-91 (1987).

Salahuddin v. Perez, 2006 WL 266574, at * 6 (S.D.N.Y. Feb. 2, 2006).

By contrast, to state a claim of retaliation, Plaintiff "must advance non-conclusory allegations establishing: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the Plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Morales v. Mackalm, 278 F.3d 126, 131 (2d Cir. 2002) (quoting Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001)).

It is possible that Plaintiff could establish that defendants took adverse action against him (disciplinary proceedings) because of his exercise of religion (protected conduct), but that, even so, he had alternative means of exercising his religious right other than by the "meditation pose" that he contends is a form of worship and that Defendants

contend is a prohibited gang signal.  Thus, because it is possible to prevail on the retaliation claim without also prevailing on the free exercise claim, the two are not duplicative.

The Court has considered Plaintiff's other grounds for objection and finds them to be without merit.

It is therefore

**ORDERED** that Defendants' motion for judgment on the pleadings (Dkt. No. 20) is **GRANTED IN PART AND DENIED IN PART**.

Defendants' motion is **DENIED** as to Plaintiff's first cause of action regarding alleged violations of Plaintiff's First Amendment free exercise/RLUIPA rights, and as to Plaintiff's second cause of action for retaliation.

Defendants' motion is **GRANTED** as to Plaintiff's third cause of action for alleged equal protection violations regarding disparate treatment of other religious groups, and the eighth cause of action for conspiracy, and these causes of action are **DISMISSED WITHOUT PREJUDICE TO RE-PLEADING.**  Plaintiff is **GRANTED LEAVE TO AMEND THE COMPLAINT** to re-plead these causes of action.  <u>Plaintiff's amended complaint, if any, must be filed with the Court and served upon Defendants' counsel by regular mail WITHIN THIRTY (30) DAYS OF THE DATE OF THIS DECISION AND ORDER</u>.

Defendants' motion is **GRANTED** as to the fourth cause of action for alleged violations of Plaintiff's right to free expression, the fifth cause of action for alleged due process violations regarding Plaintiff's disciplinary hearing, the sixth cause of action for alleged due process violations regarding Plaintiff's grievance, and the seventh cause of

3

action for alleged racial discrimination, and these causes of action are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

DATED: September 23, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge